611 S.E.2d 917

**In the Matter of Jordan Delaine WHITE, Respondent.**

No. 25968.

Supreme Court of South Carolina.

Submitted March 4, 2005.

Decided April 11, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and Susan M. Johnston, Deputy Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Jordan Delaine White, of Sumter, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to imposition of a public reprimand or definite suspension for a period to be determined by the Court. We accept the agreement and definitely suspend respondent from the practice of law for eighteen months. The facts, as set forth in the agreement, are as follows.

## FACTS

### *Matter I*

In January 2004, Client A retained respondent to represent her interests in a child custody and divorce matter. During his representation, respondent made lewd, lascivious, and degrading comments to and about Client A when she was alone and when others were with her. During his representation, respondent exhibited immoral and impure behavior towards Client A's fiancé by suggesting things of a sexual nature which shamed and embarrassed the fiancé. Client A pleaded many times for respondent to stop making vulgar comments and to focus on the issues for which he had been hired.

To Client A's great distress, respondent continued a pattern of unethical sexual advances towards Client A. Several times, respondent attempted to touch Client A and offered to "satisfy" her and "put a smile on her face." Respondent frequently urged Client A to come to his office after hours without her fiancé and children.

Additionally, respondent did not adequately represent Client A, misinformed her of her rights, did not respond to her inquiries, and generally placed her legal matters and rights in jeopardy. At the temporary emergency hearing, respondent did not speak up for Client A's interests, thereby contributing to her loss of temporary custody of her children. Respondent breached confidentiality by discussing in detail the facts of the case with his wife, who then shared the details with Client A.

Respondent admits to a pattern and practice of sexually harassing vulnerable female clients, making lewd comments to them, and insisting they come to his office alone at night and on weekends. With at least one married client, respondent called and asked her to come to his office when he knew her husband (who was also respondent's client) was out of town. Respondent commented on how "fine" she looked. Respondent implied to various female clients that he would trade sexual favors for legal fees.

## Matter II

Respondent was retained by Client B, an employee of the United States Air Force, to represent him in a child support matter. Client B travels frequently and was unable to attend the March 3, 2004 hearing. For two months after the hearing, respondent continuously neglected Client B's telephone calls. When respondent did speak with Client B, respondent told Client B that an order had not been signed and that he would contact Client B when it was signed. Several months went by without contact. Thereafter, Client B discovered his pay had been reduced per court order.

After many more telephone calls, respondent told Client B the order had been signed and he had mailed him a copy. Several more days passed and Client B did not receive the order. Client B then telephoned respondent, insisting respondent fax him a copy of the order. Client B received the order by fax on October 12, 2004. The order had been signed on August 18, 2004.

The terms of the order were unfavorable to Client B. Client B had been ordered to provide proof to opposing counsel and the judge of a life insurance policy naming the child as beneficiary. Respondent had the policy in his file but failed to present it at the hearing, giving the impression that Client B was not cooperating with the former child support order. Additionally, respondent did not submit Client B's financial declaration, which caused the child support to be increased when, had the financial statement been produced, additional support might not have been ordered. Client B has had to seek other counsel and recently discovered his rights to reconsideration of and/or appeal from the court order expired before he even received a copy of the order.

## *LAW*

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter and promptly comply with reasonable requests for information); Rule 1.6 (lawyer shall not reveal information relating to representation of a client unless the client consents after consultation); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with the interests of his client); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); Rule 8.4(c) (lawyer shall not engage in conduct involving moral turpitude); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to the administration of justice). In addition, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers), Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law), and Rule 7(a)(6) (lawyer shall not violate the oath of office).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for eighteen months. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.[1]

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

1. The parties agreed to the appointment of an attorney to protect respondent's clients' interests if the Court suspended respondent for

more than sixty (60) days. By separate order, the Court will appoint an attorney to protect respondent's clients' interests.